UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JESSE J. STOVER,

Plaintiff,

v.                                                      CAUSE NO. 3:25-CV-327 DRL-SJF

CRAWFORD *et al.*,

Defendants.

OPINION AND ORDER

Jesse J. Stover, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Stover is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Stover is an inmate at Miami Correctional Facility. He claims that on or about November 25, 2024, Sergeant Crawford (first name unknown) told him he was being moved to another cellhouse. Mr. Stover expressed concerns about his safety in that cellhouse. Sergeant Crawford told him he had to move, and in the course of their

discussions allegedly sprayed Mr. Stover in the face twice with chemical spray and then sprayed some type of gas into his cell. Mr. Stover asked for medical care because he has asthma and couldn't breathe, but Sergeant Crawford allegedly ignored him. Instead the sergeant walked away and later returned with other officers. Sergeant Crawford, along with Sergeant Leech, Sergeant Mann, Officer Rogers, Sergeant Tabscott, and Sergeant Graham (first names unknown), then entered the cell and began beating him, bashing his head on the floor, hitting him in the face with handcuffs, and dragging him out of the cell on his stomach. He claims the beating and other rough treatment was unnecessary because he was already incapacitated from the chemical spray. After this incident he received stitches and other medical treatment.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Mr. Stover the inferences to which he is entitled at this stage, he claims the officers sprayed him with chemicals and beat him excessively, even though he was allegedly not posing any threat or being uncooperative. He has alleged enough to proceed further against the officers on an excessive force claim.

The Eighth Amendment also entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted).

Giving Mr. Stover the inferences to which he is entitled, he claims Sergeant Crawford was aware he could not breathe after being sprayed with an excessive amount of chemical spray. He told the officer he suffered from asthma and needed medical assistance, but the officer allegedly ignored him and walked away. Mr. Stover will be permitted to proceed further on a claim for damages against Sergeant Crawford for the denial of medical care under the Eighth Amendment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Crawford, Sergeant Leech, Sergeant Mann, Officer Rogers, Sergeant Tabscott, and Sergeant Graham (first names unknown) in their personal capacity for monetary damages for using excessive force against him in violation of the Eighth Amendment on or about November 25, 2024,

by spraying him with an excessive amount of chemical spray and beating him without justification;

(2) GRANTS the plaintiff leave to proceed against Sergeant Crawford in his personal capacity for monetary damages for denying the plaintiff medical care in violation of the Eighth Amendment after he suffered ill effects from the chemical spray;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Crawford, Sergeant Leech, Sergeant Mann, Officer Rogers, Sergeant Tabscott, and Sergeant Graham (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(6) ORDERS Sergeant Crawford, Sergeant Leech, Sergeant Mann, Officer Rogers, Sergeant Tabscott, and Sergeant Graham (first names unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED.

July 11, 2025                                    _s/ Damon R. Leichty_
                                                 Judge, United States District Court

4