**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JESSE J STOVER,

Plaintiff,

v.

CRAWFORD, et al.,

Defendants.

CASE NO. 3:25-CV-327-SJF

**OPINION AND ORDER**

The matter before the Court is the Defendants' Motion for Summary Judgment. [DE 24]. For the reasons below, Defendants' motion is **DENIED**. Defendants' alternative request for an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is **GRANTED**.

## I. Introduction

Plaintiff Jesse Stover, a prisoner proceeding *pro se*, alleges his constitutional rights were violated while he was being held at the Miami Correctional Facility ("MCF") in Indiana. [*See* DE 1].[1] Plaintiff alleges that certain correctional officers used excessive force against him and that one officer denied him proper medical care, in violation of the Eighth Amendment to the United States Constitution. [DE 1; DE 10 at 3–4]. Plaintiff seeks to recover damages from Defendants in their personal capacity under

[1] References to "DE" are to docket entries in this case, No. 3:25-CV-327-SJF.

Title 42, United States Code, Section 1983. [DE 10 at 1, 3–4]. All parties consented to the jurisdiction of the undersigned Magistrate Judge. [DE 29]; 6 U.S.C. § 636(c).

On October 7, 2025, Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies and is thus barred from pursuing this lawsuit because of the Prison Litigation Reform Act ("PLRA") (42 U.S.C. § 1997e(a).[2] [DE 24 at 1]. Alternatively, Defendants request an evidentiary hearing to resolve the exhaustion issue. [*Id.*]. On October 29, 2025, Plaintiff responded, [DE 29], and Defendants' time to file a reply has passed. N.D. Ind. L.R. 56-1(c).

**II. Factual Background**

This Court's Local Rules require a party opposing summary judgment to file a response brief and a "Response to Statement of Material Facts." N.D. Ind. L.R. 56-1(b)(1)–(2). Plaintiff, proceeding *pro se*, was not obligated to restate Defendants' Material Facts verbatim, but he was still required to provide numbered responses. N.D. Ind. L.R. 56-1(b)(2)(A)–(C), 56-1(b)(3). If a party fails to "properly address another party's assertion of fact" then the court may consider those facts as undisputed. *See* Fed. R. Civ. P. 56(e)(2).

Plaintiff's entire response is limited to his own one-page affidavit. [DE 30]. When a pro se litigant opposes summary judgment, the district court construes their factual contentions liberally. *Smallwood v. Williams*, 59 F.4th 306, 318 (7th Cir. 2023). Thus, the

[2] Defendants' motion fails to comply with this Court's Local Rule 56-1(a), requiring a party to *separately* file its motion, supporting brief, and Statement of Material Facts. Although Defendants separately filed the Local Rule 56-1(a)(4) notice, Defendants filed their Statement of Material Facts and brief together with their motion, while characterizing them as being filed "separately herewith." [DE 24-1 at 2]. The Court now clarifies for Defendants that Local Rule 56-1(a) requires separate docket entries for each item listed.

Court construes Plaintiff's affidavit as additional material facts. N.D. Ind. L.R. 56-1(b)(2)(D). To the extent that Plaintiff's affidavit does not conflict with Defendants' Statement of Material Facts, the Court treats Defendants' facts as undisputed. *Smith v. Lamz*, 321 F.3d 680, 682–83 (7th Cir. 2003) ("a failure to respond by the nonmovant as mandated by the local rules [may] result in an admission"); *Turner v. Cox*, 569 F. App'x 463, 467 (7th Cir. 2014) (recognizing a district court's discretion to enforce local rules against pro se litigants by adopting defendant-movant's proposed facts).

Plaintiff was incarcerated at MCF when this claim arose. [DE 24-2 ¶ 1]. Plaintiff alleges that on November 25, 2024, Sergeant Crawford of the MCF asked him to pack his cell belongings because Plaintiff was being moved to another area of the prison. [DE 1 at 3]. Plaintiff asked Sergeant Crawford to halt the move and allow him to speak to a supervisor. [*Id.*]. Plaintiff wanted protective custody because he would fear for his life in the area he was being moved to. [*Id.*] After Plaintiff asked for protective custody, the events leading to this lawsuit occurred. Plaintiff alleges that Sergeant Crawford "maced" him with a suffocation gas, and that the other five Defendants, aided in shooting Plaintiff with pepper bags, beating him with handcuffs, and bashing his head on the floor, amongst other actions. [DE 1 at 3–4]. Plaintiff also alleges that Sergeant Crawford denied him access to medical care. [*Id.* at 4].

MCF has a grievance process which incarcerated individuals must use to formally complain about their conditions of confinement. [DE 24-2 ¶ 5]. The grievance process, albeit detailed, primarily consists of three steps that must be completed. [*Id.* ¶¶ 6, 7]. Following any informal efforts, an individual must submit a formal written

grievance using a standard form. [*Id.* ¶¶6–9]. The initial grievance may take anywhere from 15 to over 35 business days to be resolved, depending on whether any revisions are required, the processing duration, and whether the Grievance Specialist, Michael Gapski, provides any response. [*See id.* ¶¶ 10–14]. If an individual receives an unsatisfactory response, they must then appeal to the Warden. [*See id.* ¶¶ 6, 14–16]. The Warden appeal process may take at least another 15 business days to be completed. [*Id.* ¶¶ 15–17]. If the warden does not provide a satisfactory response, an individual must then appeal to the Department Grievance Manager. [*Id.* ¶ 6, 17, 18]. Only once the Grievance Manager enters a final decision is the grievance process considered complete, or exhausted. [*Id.* ¶¶ 21, 23].

Michael Gapski is the Grievance Specialist at MCF. [*Id.* ¶ 1]. Mr. Gapski oversees the entire grievance process at MCF and has access to the computer systems that retain electronic copies of grievances submitted by MCF prisoners. [*Id.* ¶ 3].

On December 31, 2024, Plaintiff submitted a grievance relating to incidences on November 25, 2024. [*Id.* ¶ 26; DE 24-5]. The December 31 grievance, however, did not complain of anything relating to the excessive force, lack of medical treatment, or his Eighth Amendment claim generally. [*See* DE 24-2 ¶ 26; *see* DE 24-5]. The filed grievance complained that on November 25, 2024, officers searched and detained belongings in Plaintiff's cell. [DE 24-5 at 1]. Plaintiff complained that his belongings were never returned and were mistakenly given to another inmate, who then used Plaintiff's personal information to contact Plaintiff's mother by phone. [*Id.*]. Plaintiff sought to

have his property returned and have the officers reprimanded for letting his mother's personal address be given to another inmate. [*Id.*].

Mr. Gapski declares that Mr. Stover never submitted a grievance regarding the November 25, 2024 incident, the alleged excessive force, and the alleged medical-care denial. [DE 24-2 ¶ 27]. Mr. Gapski thus believes that Plaintiff failed to exhaust his administrative remedies as it relates to this claim. [*Id.* ¶ 28]. Plaintiff disputes Mr. Gapski. Plaintiff states that he filed a grievance on November 27, 2024, complaining of his Eighth Amendment rights being violated. [DE 30]. Plaintiff states that his November 27 grievance specifically complained of excessive force and being denied medical care. [*Id.*]. Plaintiff maintains that he had copies of both the grievance and appeal, but when he was moved to "population" a few weeks later he lost all his personal property. [*Id.*].

On May 2, 2025, after Plaintiff filed his complaint, Plaintiff was moved to Wabash Valley Correctional Facility ("WVCF"). [DE 24-2 ¶2; DE 7]. Plaintiff filed another appeal once he was moved to WVCF, but was told that there was no record of the grievance or first appeal. [DE 30]. Construing Plaintiff's response liberally, he appears to dispute the truthfulness of the lack of grievance records. [*See id.*].

## III. Legal Standard

A court may grant summary judgment on an affirmative defense "if the pleadings, depositions, . . . [and] affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when the evidence is such that a reasonable fact finder could find for

the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts. *Scott*, 550 U.S. at 380 (citing Fed. R. Civ. P. 56(c)). A court's role is "not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is a material dispute that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Defendants' seek summary judgment based on their affirmative defense under the PLRA. [DE 24]. To succeed on an affirmative defense at summary judgment, a defendant must "'lay out the elements of the defense, cite the facts which satisfy these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the plaintiff.'" *Jones v. Lamb*, 124 F.4th 463, 467 (7th Cir. 2024) (quoting *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015)) (quotation cleaned up).

The PLRA provides that no Section 1983 claim may be brought "with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to excessive force allegations and other such wrongs. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner who does not complete each step in the administrative grievance process has failed to exhaust their remedies and is thus barred pursuing a Section 1983 claim. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). Even "substantial compliance" with a grievance process is not

enough to have fully exhausted the administrative remedies. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). A prison's policy itself, not the PLRA, determines the boundaries of exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Moreover, exhaustion is a claim-specific inquiry, *Lamb*, 124 F.4th at 468, which requires exhaustion pertaining to each count of a claim. Prisoners, however, are not required to exhaust remedies that are unavailable. *Jackson v. Esser*, 105 F.4th 948, 956–57 (7th Cir. 2024) (quoting *Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023)). For a PLRA exhaustion defense at summary judgment, the defendants bear the burden to demonstrate that the plaintiff failed to exhaust the "applicable grievance procedures" and that those procedures were available. *Lamb*, 124 F.4th at 467.

When exhaustion is contested, the district court must conduct an evidentiary hearing and permit any appropriate discovery. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Sufficient factual disputes, making summary judgment improper, arise "even when the prison denies that any grievance was filed, and the prisoner provides 'no documentation to back up his claim' that he filed a grievance because a 'swearing contest requires an evidentiary hearing to resolve.'" *Jackson*, 105 F.4th at 957 (quoting *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014)). A *Pavey* hearing allows the court to take evidence and determine credibility to settle exhaustion disputes. *Id.* (citing *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018)).

## IV. Discussion

There is a genuine dispute over whether Plaintiff exhausted his administrative remedies on his Eighth Amendment claim and thus summary judgment cannot be

granted. Defendants do not argue that Plaintiff failed to fully exhaust his administrative remedies. Rather, they claim Plaintiff never even filed a grievance, the first step in the administrative process. [DE 24-2 ¶ 27]. Plaintiff directly contradicts that, stating he filed an Eight Amendment grievance within three days of the incident and appealed it. [DE 30]. Plaintiff does not exhibit records of the grievance or appeal, but he claims the lack of records was outside his control. Again, Plaintiff is not required to provide records or a reason for the lack thereof. *Jackson*, 105 F.4th at 957. So Plaintiff's contention that he did file a grievance, along with his prior grievance exhibiting another instance of lost property, create a sure, genuine issue of fact that cannot be resolved with summary judgment. Fed. R. Civ. P. 56. Competing accounts of the truth require credibility assessments and factual findings, which written litigation is not appropriate for.

Nonetheless, Plaintiff's affidavit raises some doubt about full exhaustion that is worth addressing now, before a *Pavey* hearing. Although Plaintiff claims he filed a grievance pertaining to excessive force and medical care denial, he appears to admit that he only appealed the matter once. [DE 30 ("1st Appeal")]. Plaintiff states he attempted to file the second appeal once he was transferred to WVCF, but was told there were no records of the grievance and first appeal. This raises two additional concerns: whether Plaintiff's second appeal was timely under MCF's policy, and if so, whether full exhaustion was actually available to him (assuming he did in fact file the grievance and first appeal).

Plaintiff claims he attempted to file the second appeal sometime after May 2, 2025, when he was transferred to WVCF. Although there were 156 calendar days

between the purported grievance and the earliest date the second appeal may have been filed, the prior administrative process can take up to 50 business days. How those business days, including holidays, are calculated, and whether any processing delays occurred, are not in record before the Court. Defendants did not file a reply to address complete exhaustion either, leaving the record unclear. Thus, because it is Defendants' burden to prove exhaustion, there are insufficient facts to determine as a matter of law that Plaintiff failed to fully exhaust even his purported Eighth Amendment grievance. More importantly, the Court may only grant a motion for summary judgment on grounds not raised by a party after it gives them notice and a reasonable time to respond. Fed. R. Civ. P. 56(f)(2). Because the issues of full exhaustion and availability of full exhaustion were not argued by either party, the Court cannot grant or deny summary judgment on these bases either. The parties should be prepared to address these issues, however, at the upcoming *Pavey* hearing, as scheduled below.

## V. *Pavey* Hearing

Litigants have a right to a "jury trial on PLRA exhaustion when exhaustion is intertwined with the merits of a claim that falls under the Seventh Amendment." *Perttu v. Richard*, 605 U.S. 460, 468, 464 (2025) (reasoning that First Amendment speech retaliation claim was intertwined with exhaustion because grievances were allegedly destroyed and inmate threatened for filing grievances). Before proceeding with an evidentiary hearing under *Pavey*, "the district court must determine whether the issue of exhaustion is intertwined with the merits" of a claim. *Breyley v. Fuchs*, 156 F.4th 845, 849 (7th Cir. 2025).

Plaintiff's Eighth Amendment claims are not intertwined with exhaustion. Plaintiff alleges no First Amendment claims like in *Perttu*, nor does Plaintiff make any claim regarding the cause of the lost grievance records. [DE 1; DE 10]. The exhaustion dispute can properly be decided by a judge after a *Pavey* hearing.

## VI. Conclusion

For the reasons discussed, Defendants' Motion for Summary Judgment is **DENIED**. [DE 24]. Defendants' request for a Pavey hearing is **GRANTED**. The Court will set an evidentiary hearing to determine if Plaintiff exhausted his administrative remedies at MCF. At the evidentiary hearing, the Court will receive documentary and testimonial evidence from Defendants and Plaintiff relating to exhaustion. The date for this hearing will be coordinated with the facility at which Jesse Stover is incarcerated and will be set by a separate order.

**SO ORDERED** this 29th day of September 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge